UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE MANN INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RANDAL FORCE, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 1:12-cv-00316  LJO  JLT <br><br> ORDER DISCHARDING ORDER TO SHOW CAUSE <br><br> ORDER APPOINTING JESSIE GONZALEZ AS GUARDIAN AD LITEM FOR MINOR L.G. <br><br> (Doc. 34) |

On July 12, 2012, Defendant Jessie Gonzalez filed an application requesting appointment as guardian ad litem for Luke Gonzalez who is named as a defendant in this action. (Doc. 14). For the following reasons, Mr. Gonzalez's application to be appointed as guardian ad litem is **GRANTED**.

**I.      Relevant Procedural History**

On or about September 12, 2011, the Gonzalez's allege that the child, L.G. was injured in the home of the Force Defendants. (Doc. 1 at 3) The Gonzalez's have made a policy demand on the Forces homeowners' policy and have sued in state court to recover damages for the injuries. Plaintiff insured the Forces' home on the date of the injury. Id.

However, Plaintiff contends and at, the scheduling conference held on June 20, 2012 (Doc. 12), all parties agreed, that due to policy exclusions, Plaintiff is not obligated to indemnify the Forces for the claimed injuries. All parties agreed that the matter should be dismissed but recognizing that the

1

child could not be bound except through court approval, counsel for the Gonzalez family agreed to seek appointment of a guardian ad litem for the child. Id.  Counsel agreed to file the petition no later than June 29, 2012. Id.  However, when that was not done, on July 2, 2012, the Court issued an order to show cause why sanctions should not be imposed for the failure to comply with the Court's order. (Doc. 13)  Alternatively, the Court ordered the petition for appointment of the guardian ad litem be filed. Id. On July 12, 2012, counsel filed the instant petition. (Doc. 14).  Because the petition was filed within the time frame allowed, the order to show cause is **DISCHARGED**.

## II.     Legal Standard

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id.*; Cal. Code Civ. P. § 372(a).

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests.  Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

## III.    Discussion

Three-year-old Luke, is the son of Jessie Gonzalez.  (Doc. 14 at 1).  Because the child is under the age of eighteen, he is a minor under California law. *See* Cal. Fam. Code § 6502.  Upon review of the complaint, it does not appear there are adverse interests between Mr. Gonzalez and his son. Therefore, Plaintiff's appointment as guardian ad litem for her son is appropriate. *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing "[a] parent is generally appointed guardian ad litem").

///

## IV.     Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).  Here, it does not appear Mr. Gonzalez has interests that diverge from his son, and as such he may be appointed to represent the interests of the child.

Accordingly, **IT IS HEREBY ORDERED**:

1. The application for appointment of Jessie Gonzalez as guardian ad litem for Luke Gonzalez is **GRANTED**; and

2. Jessie Gonzalez is appointed to act as the guardian ad litem for Luke Gonzalez and is authorized to act for him in this matter.

IT IS SO ORDERED.

Dated:   **July 13, 2012**                              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE