1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   HORACE MANN INSURANCE COMPANY, ) | Case No.: 1:12-cv-00316 - LJO - JLT |
| | ) |
| 12                      Plaintiff, ) | FINDINGS AND RECOMMENDATIONS |
| | ) | GRANTING PLAINTIFF'S MOTION |
| 13            v.              ) | TO APPROVE SETTLEMENT AND |
| | ) | RECOMMENDING THE ACTION BE |
| 14   RANDAL FORCE, et al.,          ) | DISMISSED AS TO THE GONZALEZ |
| | ) | DEFENDANTS |
| 15                      Defendants. ) | (Doc. 26) |
| | ) |
| 16                                  ) |
| | ) | ORDER TO PLAINTIFF TO SEEK DEFAULT |
| 17                                  ) | AGAINST THE FORCE DEFENDANTS OR |
| | ) | DISMISS THE MATTER IN ITS ENTIRETY |
| 18 _____ ) | |

19

20          Defendant L.G. is a minor appearing in this proceeding by and through his guardian ad litem

21   Jessie Gonzalez, who seeks approval of the minor's compromise in this action.  (Doc. 26).  No

22   opposition to the motion was filed.  After reviewing the motion, the Court found the matter was

23   suitable for decision without a hearing pursuant to Local Rule 230(g), and the motion was taken under

24   submission on April 17, 2013.  For the following reasons, the Court recommends Plaintiff's motion for

25   approval of the settlement be **GRANTED**.

26   **I.        Factual and Procedural History**

27          Horace Mann Insurance Company ("Horace Mann") initiated this action on March 1, 2012, by

28   filing a complaint for declaratory relief against Randal and Jennifer Force ("Force Defendants"), L.G.,

1

Jessie and Jody Gonzalez ("Gonzalez Defendants").  (Doc. 1).  Horace Mann issued a homeowner's policy to the Force Defendants on October 10, 2010.  *Id.* at 3.  According to Horace Mann, Jennifer Force operated "a business licensed by the State of California as a 'small family day care home.'"  *Id.* On September 12, 2011, defendant L.G. was injured while at the daycare "when a wire from a collapsible hamper poked him in the eye."  *Id.*  Thereafter, L.G., though his parents, "made a policy limits demand to Horace Mann" and the Force Defendants requested coverage under the homeowner's insurance policy for L.G.'s claims.  *Id.* at 4.

Horace Mann alleged it does not have a duty to provide coverage for the claims pursuant to Cal. Ins. Code § 676.1, and the insurance policy excluded coverage for the claim.  (Doc. 1 at 4-5). Thus, Horace Mann requested the Court find the claim of defendant L.G. was barred by the policy, and that the company "has no duty to defend or indemnify its insureds, Randal and Jennifer Force, against claims for indemnity brought by [L.G.]"  *Id.* at 8.

On March 2, 2013, Jessie Gonzalez filed the motion now before the Court, asserting the parties have reached a settlement agreement in the action, and seeking the Court's approval of its terms. (Doc. 26).  In essence, the Gonzalez defendants admit that the policy exclusions preclude coverage for the injury.  <u>Id</u> at 2.

**II.      Settlement Approval Standards**

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court.  Local Rule 202(b).  The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).  Generally, federal courts refer to applicable state law in determining whether to approve the settlement of a minor's claims.  *See e.g., Walden v. Moffett*, 2007 U.S. Dist. LEXIS

2

1   70507, at *6 (E.D. Cal. Sept. 20, 2007); *MAP v. City of Bakersfield*, 2009 U.S. Dist. LEXIS 7519, at

2   *5 (E.D. Cal. Jan. 23, 2009); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide:*

3   *Federal Civil Procedure before Trial* § 15:138, p. 15-48 (2010).  In California, a settlement or

4   compromise of a claim of a minor is not enforceable without court approval.  Cal. Prob. Code §§ 2504,

5   3600 *et seq.*; Cal. Code Civ. Proc. § 372 ("The guardian. . . or guardian ad litem so appearing for any

6   minor . . . shall have power, *with the approval of the court* in which the action or proceeding is

7   pending, to compromise the same. . .") (emphasis added).

8   **III.     Discussion and Analysis**

9           The petition in this case sets forth the information that is required.  The minor involved is a 3-

10  year-old male who has made a claim on an insurance policy of Horace Mann.  Also, the petition

11  identifies the guardian ad litem and the attorney representing L.G. by name, address and bar number.

12  The attorney will not receive compensation for his representation of L.G. and his parents in this

13  matter.  (Doc. 26 at 7).

14          Because Horace Mann initiated this action seeking only declaratory relief, no funds are being

15  awarded pursuant to the terms of the settlement agreement.  According to Jessie Gonzalez, "All parties

16  agreed that due to exclusions in the [insurance] Policy, Horace Mann is not obligated to indemnify the

17  Force Defendants for the injuries claimed by the Gonzalez Defendants." (Doc. 26 at 2).  Further, he

18  reports "all parties have agreed that this matter should be dismissed, each party bearing its own costs

19  and fees," and the "parties recognize and agree that consideration for this dismissal is the avoidance of

20  the expense of litigating this action through final judgment, which is the only other method of binding

21  minor [L.G.] to the settlement agreement."  *Id.*

22          Based upon the information provided in the petition and the supporting documents, and

23  considering the totality of the facts and circumstances of this case, the Court finds the settlement

24  agreement is fair, reasonable, and in the best interests of the child.  Notably, dismissal of this action

25  "does not preclude the Gonzalez Defendants from pursuing damages directly against the Force

26  Defendants."  (Doc. 26 at 3).  Accordingly, the Court recommends the proposed settlement agreement

27  be approved.

28  ///

## IV.      Findings and Recommendations

Based upon the foregoing, it is **HEREBY RECOMMENDED**: that the motion to approve settlement of the minor's claims be **GRANTED** as follows:

1. The Court find the Gonzalez Defendants, and specifically the child through his guardian ad litem, admit Plaintiff Horace Mann Insurance Company is not obligated to indemnify the Force Defendants for the injuries claimed by L.G. through his guardian ad litem and by the remaining Gonzalez Defendants;

2. That the action be **DISMISSED as to the Gonzalez Defendants**, with each party to bear their own costs and fees.

3. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

### ORDER

1. **Within five days** of the Court's order adopting these findings and recommendation, if it does, Plaintiff **SHALL** seek default against the Force Defendants or **SHALL** dismiss the matter in its entirety.

IT IS SO ORDERED.

Dated:   **April 18, 2013**                          **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE

4